IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, #A0259019, <br><br> Plaintiff, <br><br> vs. <br><br> TOMMY JOHNSON, *et al*., <br><br> Defendants. | CIVIL NO. 26-00182 DKW-RT <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Before the Court is pro se Plaintiff Joseph Pitts' Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  In the Complaint, Pitts alleges that various prison officials, including eight named defendants and ten Doe defendants,[2] violated his rights by denying him adequate medical care (Counts I, II, III, and IV), denying him access to the courts (Counts I and IV), denying him due process (Counts II, III, and IV), and retaliating against him (Count IV) during

---

[1]Pitts is currently incarcerated at Halawa Correctional Facility.  *See* ECF No. 1 at PageID.1; VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0259019"; and select "Search") (last visited Apr. 23, 2026).

[2]Pitts names as defendants: (1) Director of the Department of Corrections and Rehabilitation Tommy Johnson; (2) Deputy Director Melanie Martin; (3) Health Care Administrator Romey Glidewell; (4) Clinical Services Administrator Mandy Feldt; (5) Doctor Daniel Park; (6) Daniel T. Burns; (7) Medical Supervisor Christina Vidinha; (8) Nurse Meta; and "John/Jane Does 1 thru 10."  ECF No. 1 at PageID.1–5.

his incarceration at Halawa Correctional Facility (HCF).[3] *Id.* at PageID.6–12.

After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(a), the Court DISMISSES the Complaint with leave to amend. If Pitts

wants to proceed, he must file an amended pleading that cures the noted

deficiencies in his claims on or before May 22, 2026. Alternatively, instead of

filing an amended pleading, Pitts may inform the Court in writing on or before

May 22, 2026 that he would like to voluntarily dismiss this action pursuant to

Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a

"strike" under 28 U.S.C. § 1915(g).[4]

## I.    **BACKGROUND**[5]

On July 31, 2025, Pitts' prescription eyeglasses were stolen while he was

incarcerated at HCF. ECF No. 1 at PageID.7. Starting the next day, and through

February 2026, Pitts submitted at least sixteen requests to replace his glasses and to

---

[3]Each of the Complaint's four counts involves more than one issue. In any amended pleading that Pitts files, he must follow the instructions on the court-approved form and include only one issue in each count. Separate issues must be stated in different counts.

[4]In general, 28 U.S.C. § 1915(g) prohibits a prisoner from filing a civil action in forma pauperis if he or she has on three or more occasions brought an action in federal court that was dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted.

[5]The Complaint alleges the following facts, which the Court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).

see an optometrist.  *Id.*  According to Pitts, he has "blurred vision" and cannot see clearly more than two feet in front of him without glasses.  *Id.*

HCF does not have an optometrist, and Pitts was repeatedly told that his name had been added to a referral list.  *Id.* at PageID.7–8.  Pitts was also told that the list included approximately fifty inmates' names.  *Id.* at PageID.8.  Although Pitts' vision was tested at least once by Dr. Park at HCF, on March 9, 2026, he says he has yet to see an optometrist.  *Id.* at PageID.7–8.

Pitts also developed a "large bulge" on the back of his neck during the last six months.  *Id.* at PageID.9.  The bulge is now approximately the size of a "large golf ball."  *Id.*  Dr. Park examined Pitts on an unspecified date and diagnosed the bulge as a lipoma.[6]  *Id.*  Pitts submitted multiple requests related to the bulge, and he was referred to an outside doctor to have the lipoma removed.  *Id.*  Pitts is waiting to see the doctor for the removal.  *Id.*

On January 30, 2026, Pitts received written notice from Daniel Burns that an inmate grievance form was being returned because it was duplicative of Pitts' earlier grievances.  ECF No. 10.  Burns warned Pitts that filing duplicative

---

[6]A "lipoma" is "a lump of fatty tissue that grows just under the skin. . . . Most lipoma's aren't painful and don't cause health problems so they rarely need treatment."  Cleveland Clinic, https://my.clevelandclinic.org/health/diseases/15008-lipomas (last visited Apr. 21, 2026) [https://perma.cc/L3E2-4C35].

grievances could be used against him and might result in a misconduct report and grievance restrictions.  *Id.*

Pitts commenced this lawsuit after signing the Complaint on April 1, 2026. *Id.* at PageID.15.  In the Complaint, Pitts alleges that defendants violated his rights by denying him adequate medical care (Counts I, II, III, and IV), denying him access to the courts (Counts I and IV), denying him due process (Counts II, III, and IV), and retaliating against him (Count IV).  *Id.* at PageID.6–12.  Pitts seeks injunctive relief and $10,000 in damages.  *Id.* at PageID.15.  The Court granted Pitts in forma pauperis status on April 22, 2026.  ECF No. 3.

## II.   <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a

complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III.   DISCUSSION

### A.   Joinder

At this point, it is not clear that Pitts' claims related to his vision care should be joined with his claims related to his lipoma.

When a single defendant is named in a lawsuit, a party may bring as many claims as it has against that defendant. Fed. R. Civ. P. 18(a). "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D.

5

Haw. June 2, 2010).  Rule 20(a)(2) allows multiple defendants to be joined in one action only if (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2)(A), (B).  "Unrelated claims involving different defendants belong in different suits."  *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

If Pitts decides to file an amended complaint, he may state several claims against a single defendant.  Fed. R. Civ. P. 18.  He may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  Pitts may not, however, pursue a combination of unrelated claims in a single suit.  *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  The fact that Pitts' claims all appear to be based on events that occurred at HCF, without more, is not enough to join them in a single lawsuit.  *See Woolen v. Ramos*, 2024 WL 3361116, at *4 (D. Haw. July 10, 2024).  An attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.  In deciding which claim or

claims, if any, he wants to pursue in this lawsuit, Pitts must consider the following legal standards.

**B.      Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. §1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

At various points in the Complaint, Pitts cites policies adopted by the Department of Corrections and Rehabilitation.  *See, e.g.*, ECF No. 1 at PageID.6–10.  "To state a claim under 42 U.S.C. § 1983[, a] plaintiff must allege that defendants violated his federal rights, not state regulations such as prison policies. The violation of prison policies or state regulations does not necessarily violate the federal constitution."  *Gallegos v. California Dep't of Corr. & Rehab.*, 2025 WL 1993557, at *2 (E.D. Cal. July 17, 2025).

## C.     Causation

"In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (citation omitted); *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (same).  "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper*, 533 F.3d at 1026.  A defendant's "conduct is an actual cause of . . . injury only if the injury would not have occurred 'but for' that conduct." *White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990) (citation omitted).  "The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury." *Mendez v. County of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018). "Proximate cause is said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible." *Id.* (internal quotation marks and citation omitted).  "[T]he touchstone of proximate cause in a § 1983 action is foreseeability." *Id.* (internal quotation marks and citation omitted).

At this point, the Court cannot tell what each defendant allegedly did or failed to do to violate Pitts' rights.  In any amended pleading that he files, Pitts must link each defendant to an alleged violation of his rights under federal law.

**D.    Supervisory Liability**

Pitts names as defendants various supervisory officials, including Director Johnson, Deputy Director Martin, Administrator Glidewell, and Nurse Vidinha. ECF No. 1 at PageID.1–5.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (internal quotation marks and citations omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (internal quotation marks and citations omitted).

"Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his

9

subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citation omitted).  A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks and citation omitted).  A defendant's supervisory position, without more, is not enough to state a claim.  *See Meafou v. Hawaii*, 2025 WL 3720146, at *8 (D. Haw. Dec. 23, 2025).

### E.    Eighth Amendment – Denial of Adequate Medical Care

Pitts alleges in all four counts that he was denied adequate medical care. ECF No. 1 at PageID.6–9.

To establish a claim of inadequate medical care, a convicted prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent."  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Id.* at 785 (internal quotation marks and citations

10

omitted).  "Serious medical needs can relate to physical, dental and mental health." *Id.* (internal quotation marks and citations omitted).

Even with a serious medical need, the plaintiff must also allege facts showing deliberate indifference.  "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (internal quotation marks and citations omitted) (alterations in original).  This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted).  "In other words, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* (internal quotation marks and citation omitted) (alteration in original).

## F.     Fourteenth Amendment – Due Process

Pitts also appears to allege in all four counts that he was denied due process. ECF No. 1 at PageID.6–9.

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  These protections extend to prisoners, who are "entitled to

certain due process protections when subject to disciplinary sanctions." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014).  To state a procedural due process claim, a prisoner must (1) identify a protected liberty or property interest, (2) allege that the government deprived the prisoner of that interest, and (3) allege a lack of process.  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). Critically, the absence of a procedure *alone* is insufficient to state a claim—a plaintiff must *also* allege that he was deprived of a protected interest.

In the prison context, these protected interests typically "pertain[] to liberty," not property.  *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1075 (S.D. Cal. 2007). And protected liberty interests may arise under either the federal Due Process Clause or state law.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  The federal Due Process Clause is implicated when a prisoner faces a change in conditions so severe as to affect the sentence imposed in an unexpected manner. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *e.g.*, *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer from prison to mental hospital triggers the Due Process Clause); *Washington v. Harper*, 494 U.S. 210, 221 (1990) ("unwanted administration of antipsychotic drugs" implicates the Due Process Clause).  Less severe changes in confinement can also trigger due process protections, so long as the prisoner faces an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484; *Brown*, 751 F.3d at

987 (describing factors that bear on whether a prisoner faces an atypical and significant hardship).

## G.    First Amendment

### 1.    Access to the Courts

Pitts alleges in Counts I and IV that he has been denied access to the courts. ECF No. 1 at PageID.6, 10.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and ... a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations omitted).

Although prisoners do not have a "claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) (order), "[t]he right of meaningful access to the courts extends to established prison grievance procedures," *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).  "This right is subsumed under the First Amendment right to petition the government for redress of grievances, [and] protects both the filing and content of prison grievances." *Silverman v. Christian*, No. 18-01115, 2018 WL 2149791, at *1 (N.D. Cal. May 9, 2018).  "[I]nterference with the grievance process may, in certain circumstances,

13

implicate the First Amendment." *Howell v. Lindquist*, No. 2:19-cv-0612, 2019 WL 2491182, at *2 (E.D. Cal. June 14, 2019).

"To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Id.* (citation omitted). "It is actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* (internal quotation marks and citation omitted). The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost through "allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury,* 536 U.S. 403, 415–16 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). Failure to allege an actual injury to a "'non-frivolous legal claim'" is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

### 2. Retaliation

Pitts alleges in Count IV that Burns retaliated against him. ECF No. 1 at PageID.10.

"[A] prisoner can make a viable claim of First Amendment retaliation by alleging five basic elements: (1) An assertion that a state actor took some adverse

14

action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quotation marks and citation omitted).

### H.    Doe Defendants

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names of all parties in his complaint.  Fed. R. Civ. P. 10(a).  Doe defendants are generally disfavored, however, because it is effectively impossible for the United States Marshal to serve an anonymous defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored." (citation omitted)).

A plaintiff may refer to unknown defendants as John or Jane Doe 1, John or Jane Doe 2, and so on, but he must allege specific facts showing how each Doe defendant violated his rights.  The plaintiff may then use the discovery process to obtain the names of doe defendants and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover the identities, or that the complaint will be dismissed on other grounds.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

15

Although Pitts names as Defendants "John/Jane Does 1 thru 10," ECF No. 1 at PageID.1, he fails to allege how any specific Doe defendant violated his rights under federal law. *See Conklin v. Espinda*, 2019 WL 2397802, at \*6 (D. Haw. June 6, 2019) (dismissing claims against unknown defendants where plaintiff failed to explain how each doe defendant personally violated plaintiff's civil rights).

## IV.   LEAVE TO AMEND

The Complaint, ECF No. 1, is DISMISSED with leave to amend. Pitts must file any amended pleading on or before May 22, 2026. Pitts may not expand his claims beyond those already alleged herein or add new claims without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

Pitts must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended

16

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.     <u>28 U.S.C. § 1915(g)</u>

If Pitts fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.     <u>CONCLUSION</u>

(1) The Court DISMISSES the Complaint, ECF No. 1, with leave to amend. If Pitts wants to proceed with any of his claims, he must file an amended pleading that cures the noted deficiencies in those claims on or before May 22, 2026.

(2) ALTERNATIVELY, instead of filing an amended pleading, Pitts may inform the Court in writing on or before May 22, 2026 that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

17

(3) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and Pitts may incur a strike under 28 U.S.C. § 1915(g).

(4) The Clerk is DIRECTED to send Pitts a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: April 23, 2026 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Joseph Pitts v. Tommy Johnson, et al.*; Civil No. 26-00182 DKW-RT; **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**